IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL, #183-459    *

Petitioner    *

v    *    Civil Action No. CCB-16-3974

MS. BOWMAN, Mental Health Pre-Release    *
  Coordinator
P. JAMES, Director of Patuxent    *
MS. ALLEN, Case Manager Supervisor
    *

Respondents
    ***

## MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at Patuxent Institution, is scheduled for release on January 5, 2017. He states that defendants will not obtain shelter for him in a drug treatment program or assisted living facility located outside Baltimore. Instead, he will be released to Baltimore, although his mother's house is located several blocks from the family of Marshall's victim.[1] Marshall asks this court's intervention regarding his post-incarceration housing because he fears retaliation if he returns to Baltimore. (ECF 1 at pp. 2-3). He also seeks leave to proceed in forma pauperis. (ECF 2). Given the nature of Marshall's request for relief, his self-represented lawsuit shall be examined as a mandamus petition pursuant to 28 U.S.C. § 1361 as well as a complaint filed under 42 U.S.C. § 1983. For the reasons stated below, the lawsuit must be dismissed.

To the extent Marshall asks this court to require state employees to abide by unspecified state law or agency directives (ECF 1 at pp. 5-7), he seeks mandamus relief. This court does not have jurisdiction over state employees in an action for writ of mandamus. *See generally Gurley*

---

[1] Marshall states he was convicted for the 1985 second-degree murder of Clifton Cooper. (ECF 1 at p. 2).

*v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); 28 U.S.C. § 1361. Thus, the claim for mandamus relief will be dismissed without prejudice for lack of jurisdiction.

To the extent that he seeks injunctive relief under 42 U.S.C. § 1983, Marshall cannot prevail. While incarcerated, he has repeatedly filed complaints subject to dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), and thus is barred generally from civil filings under the "three strikes" provision of 28 U.S.C. § 1915(g).[2] Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action unless he pays the full filing fee or proves he is in imminent danger of serious physical injury. As noted, Marshall has not paid the filing fee.[3] Aside from his speculative claim that he may suffer retaliation if released to live in Baltimore, Marshall does not demonstrate that he is in imminent danger of serious harm.

Federal courts have long recognized that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). All four of these requirements must be established before injunctive relief can be granted. *See The Real Truth About Obama, Inc., v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

---

[2] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).

[3] Given his "three strikes" status, Marshall's motion for leave to proceed in forma pauperis (ECF 2) will be denied.

The first and second *Winter* factors are dispositive here: Marshall has not demonstrated that he is likely to prevail on the merits nor that he is likely to suffer irreparable harm after his release unless provided special housing. There is no basis for this court to order the DOC to provide special housing as Marshall requests.

For these reasons, a separate order shall be entered denying in forma pauperis status, dismissing the mandamus claim without prejudice,[4] and dismissing the remaining claims for failure to state a claim upon which relief may be granted.[5]

December 21, 2016 _____/S/_____
Date                                           Catherine C. Blake
                                               United States District Judge

---

[4] Marshall may of course refile the action and pay the full $400 filing fee at the time of filing.
[5] It is clear from the complaint that the DOC is aware of Marshall's concerns, but nonetheless a copy of this memorandum will be sent to the Attorney General.